**STECHER–TRAUNG–SCHMIDT CORPORATION,**
**Plaintiff-Appellee,**

v.

**M. A. SELF et al., Defendants,**

**M. A. Self, Bee Chemical Company and Arthur S. Hecker,**
**Defendants-Appellants.**

**No. 453, Docket 75–7397.**

United States Court of Appeals, Second Circuit.

Submitted Jan. 12, 1976.

Decided Jan. 29, 1976.

Robert James Gareis, Jerome W. Jakubik, Francis D. Morrissey, Baker & McKenzie, Chicago, Ill., H. Kenneth Schroeder, Jr., Hodgson, Russ, Andrews, Woods & Goodyear, Buffalo, N. Y., for defendants-appellants.

Stuart B. Meisenzahl, Kenneth A. Payment, Harter, Secrest & Emery, Rochester, N. Y., for plaintiff-appellee.

Before ANDERSON, FEINBERG and MULLIGAN, Circuit Judges.

PER CURIAM:

Defendants Bee Chemical Company and two of its officers, M. A. Self and

---

Arthur S. Hecker, appeal from an order of the United States District Court for the Western District of New York, Harold P. Burke, *J.*, granting plaintiff Stecher-Traung-Schmidt Corporation (STS) a preliminary injunction against appellants and other defendants in an action charging violation of section 13(d) of the Securities Exchange Act of 1934, 15 U.S.C. § 78m(d). In its complaint, plaintiff alleged that appellants and co-defendant Thomas Roulston, a broker, formed a group with the intention of taking control of STS and, to further this purpose, acquired a greater than five per cent interest in STS, without filing a Schedule 13D form with the Securities and Exchange Commission as required by law.[1] Finding that plaintiff was likely both to succeed on the merits of the action and to sustain irreparable damage, Judge Burke, on June 17, 1975, enjoined appellants pendente lite from taking further steps toward control of STS.

A tangle of procedural maneuvers followed. On June 27, 1975, appellants filed both a notice of appeal to this court and a petition for reconsideration with the district court. The latter alleged, among other things, that appellants had on the same day filed a proper Schedule 13D and referred the court to the Supreme Court decision in *Rondeau v. Mosinee Paper Corp.*, 422 U.S. 49, 95 S.Ct. 2069, 45 L.Ed.2d 12, which was decided on June 17, 1975, the same day as the preliminary injunction appealed from. Plaintiff urged dismissal of the petition for reconsideration on the ground that the filing of the notice of appeal divested the district court of jurisdiction. On July 17, 1975, Judge Burke denied the petition. Defendants took no appeal from that order.

■ Appellants attack the preliminary injunction on the grounds that there has been no showing of probable success on the merits because the trial court erred in concluding that defendants acted as a "group" within the meaning of section 13(d), and that there has been an inadequate showing of irreparable harm. On the first issue, appellants cite such cases as *GAF Corp. v. Milstein*, 453 F.2d 709 (2d Cir. 1971), cert. denied, 406 U.S. 910, 92 S.Ct. 1610, 31 L.Ed.2d 821 (1972), and *Corenco Corp. v. Schiavone & Sons, Inc.*, 488 F.2d 207 (2d Cir. 1973). But neither case holds that Judge Burke, in finding the facts, had to draw only those inferences suggested by defendants. From the papers before him,[2] the judge's finding at this preliminary stage of the lawsuit that defendants "did constitute a group of the type intended to be covered by Section 13(d)" was not clearly erroneous.

■ On the issue of irreparable harm, appellants stress the Supreme Court's decision in *Rondeau, supra*, and also attempt to rely on the filing of an allegedly proper Schedule 13D after the preliminary injunction was entered. *Rondeau* held that, contrary to the view of the Court of Appeals for the Seventh Circuit,[3] a showing of irreparable harm is necessary to obtain injunctive relief in a private suit under section 13(d); on the facts before the Court, including a Schedule 13D which, though filed late, was found by the district court to be complete and accurate, plaintiff failed to make the necessary showing of irreparable harm. In this case, Judge Burke made an explicit finding that "plaintiff is likely to sustain irreparable damage" on a record that did not include defendants' later-filed Schedule 13D. Plaintiff vigorously objects to our considering that filing at all on the grounds that (1) it is not properly before us because no appeal was taken from the denial of the petition for reconsideration, which first mentioned it, and (2) the Schedule 13D is inaccurate and incomplete. Plaintiff also distinguishes *Rondeau* on various grounds and points out that the record

---

1. Co-defendants Roulston & Company, Inc. and its president, Thomas Roulston, have not appealed.

2. By stipulation, there was no evidentiary hearing.

3. 500 F.2d 1011.

in this case contained sufficient proof of possible irreparable harm. We agree that on the record before him, Judge Burke did not abuse his discretion in granting the preliminary injunction.[4]

We note that almost seven months have gone by since the filing of an allegedly proper Schedule 13D and that appellants have made no attempt to expedite this appeal. We therefore take with a grain of salt appellants' claim that it is they, rather than plaintiff, who are being harmed by the present state of affairs. Nevertheless, we suggest to the district court that, in view of *Rondeau*, the issues whether the Schedule 13D satisfies the requirements of the law and whether plaintiff is still being harmed should now be determined expeditiously either on a motion by defendants to vacate the preliminary injunction or by the trial of the case on the merits.

Judgment affirmed.

---

4. We discount defendants' charge that Judge Burke's decision is premised on the belief, drawn from the Seventh Circuit's opinion in *Rondeau*, that the violation of the statute itself constitutes irreparable harm, since the law in this circuit even before *Rondeau* required a showing of irreparable harm. *Sonesta Int'l Hotels Corp. v. Wellington Associates*, 483 F.2d 247, 250 (2d Cir. 1973).

